## Makemson v. Commonwealth.

Nov. 20, 1942.

C. Harold Ewing and Ewing Cossaboom for appellant.

W. Marvin Davis for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming in part and reversing in part.

On February 14, 1942, a niece of appellant filed in the Pendleton circuit court a petition in which it was stated that appellant was a person of old age, physically unable to attend to her business affairs. Summons was executed by delivering a copy to "Anna Makemson and James Makemson," on February 17, directing parties to appear in the circuit court at 10 a. m., on February 23, on which day appellant appeared in court with perhaps too many attorneys.

The county judge sitting in the place of the circuit judge, Section 216aa-68 Ky. Stats., 202.020 KRS; Sabin v. Com., 233 Ky. 636, 26 S. W. (2d) 506, after a jury hearing evidence pro and con, had returned a verdict finding appellant incompetent and of unsound mind due to the infirmities of old age, entered a judgment declaring her incompetent to "look after herself and incapable of managing her business affairs," and appointed her brother as committee. It is sought on appeal to set aside the entire order on numerous grounds, technical and otherwise.

It is contended that the court was without jurisdiction, because of the fact that appellant's housekeeper was not summoned, KS Section 216aa-72, she being the party who actually had care of appellant at the time. Since appellant appeared, accompanied by counsel, we do not think there could have been prejudice in this respect. It is strenuously argued that there was such irregularity in the appointment of examining doctors, and the method and manner of their examination, and the activities of

those suggesting the examination, as to constitute an error depriving the court of jurisdiction.

Without going into details, after a careful examination of the record and the applicable statutes, we are of the opinion that notwithstanding there were some irregularities they did not have the effect of divesting the court of jurisdiction or power to hear and determine the issue. There is also complaint of the charges given to the jury; to the exclusion of competent evidence, and that the verdict was fatally defective.

It would serve no useful purpose for future guidance or to the benefit of parties to enter into lengthy discussion of these matters. We think that the instruction given, while not as clear as might have been, measured up to as near a correct instruction as may be given in this class of cases, as is indicated in the Sabin case, supra. It may be noted that in the case of Downing v. Siddens, 247 Ky. 311, 57 S. W. (2d) 1, we held that it was proper and necessary to give the jury the oath required by Section 2155, KS, 387.220, KRS, but in the absence of a showing to the contrary we must assume that such oath was administered. The case just cited refers to the Sabin case, in so far as it touched upon the propriety of instructions.

Another reason why we do not find it necessary to pass on the various objections raised is the fact that a reading of the evidence leads us to the inevitable conclusion that appellant's condition justified supervisory measures in relation to her property, and likewise to see that her worldly needs are met.

While it clearly appears that appellant is a woman of intelligence and refinement, she herself recognized that she was unable to look after her affairs properly. Her testimony bears this out, and is augmented by the fact that there is an indirect showing that on the same day the informative petition was filed, she applied through counsel to the circuit court for the appointment of a trustee to administer a fund, mentioned later.

Appellant at the time of the trial was eighty-three years of age. What other property she possessed is not specifically shown, but she has been and is receiving an annuity set up for her benefit some years ago, which brings to her $125 per month. The record shows that the court, after the verdict, in the judgment appointed

as committee her brother who was eighty-six years of age. He was at the time confined to his bed, due to a broken leg injury received in September of 1941, and it was doubted if he would be able to be out again, at least so as to be active.

There is sufficient evidence upon which to form the belief that the brother was, at the time of the trial and shortly prior thereto, physically unable to look after his own affairs, notwithstanding appellant in a way, though clearly not understanding the import, thought she and the brother could handle her affairs. Where one is found to be incompetent it is the duty of a committee to care for the person as well as the property of such person; the duties "shall be the same as those of the guardian of an infant, except as to education." KS Section 2153, KRS 387.230, and the committee is required to make periodical settlement, and final accounting. It is clear that if the order appointing the committee should be left to stand, the aged brother could only act by proxy.

We are satisfied, considering the salutary purposes of the laws involved, that the welfare of the appellant cannot best be conserved by having the aged brother act as her committee, and that the court in making the appointment did not exercise discretion. It may be that we have no statutory power to control the court in respect of appointments to such offices, but we do have the authority to say that discretion was abused in making the appointment, and to suggest that in making it the court should be guided by his good judgment, rather than the wishes and desires of those who were taking an active part in the matter, though we may assume that the various parties were primarily interested in the welfare of the appellant. We have held that a person who is incompetent to take prudent care of himself or his property is entitled to the protection and curation of the courts. Downing v. Siddens, supra.

Since the entire judgment is before us for consideration, we have concluded not to interfere with that portion which adjudges the necessity of supervision, but we must reverse so much as appoints the brother committee, with directions to set that part aside. We think it proper to call attention of the court and counsel to the fact that Acts 1942, Ch. 167, pp. 659, 663, amended former relative laws so as to give the county court exclusive

jurisdiction to appoint committees upon compliance with certain prerequisites.

The judgment is affirmed in part and reversed in part, with directions to proceed in conformity with this opinion. Each party will pay one-half of this court's costs.

The Whole Court sitting except Judge Cammack, who was absent.