De Weese WILLIAMS, Appellant,

v.

**FIRST NATIONAL BANK & TRUST COMPANY OF LEXINGTON, Lexington, Kentucky, Etc., Appellee.**

Court of Appeals of Kentucky.

Oct. 9, 1959.

McKnight & Pryor, Georgetown, for appellant.

Stoll, Keenon & Park, Lexington, for appellee.

WADDILL, Commissioner.

The issue to be resolved in this case is whether the court-appointed committee of Mrs. Virginia Williams or her husband has the legal right to choose the physician to treat and care for her medical needs. The trial court held the committee has the legal duty to care for the person and property of its ward, and the performance of this duty would include the authority to select the physician and other reasonable medical care for the incompetent person. The husband of the incompetent has prosecuted this appeal insisting that he has the legal right to choose the doctor to treat his wife, notwithstanding the fact that she has been adjudged incompetent and has a court-appointed committee in control of her affairs.

At the time this action was instituted appellant was 88 years of age and his wife was 93, and both required constant medical and nursing care. Appellant does not assert in this action that the medical care his wife is receiving is inadequate, but he insists that he has the absolute legal right to choose the physician to treat her.

Appellant urges that inasmuch as he is paying for the medical care of his wife he should have the right to choose her physician. This argument ignores the statutory duty of the committee to care for health and welfare of its ward. The fact that appellant is legally obligated to pay for his wife's medical care does not, in view of the hereinafter cited statutes, give him the right to control the choice of the physician for his incompetent wife.

Appellant further contends that since he is entitled to the physical custody of his wife, he has the superior right to select the physician to treat her. Assuming that appellant has custody of his wife, it does not follow as a matter of law that a custodian may choose the medical care for the incompetent contrary to the choice of the incompetent's legally appointed committee.

The general duties of a committee appear in KRS 387.230 and read in part as follows:

"(1) The power and duty of the committee of a person of unsound mind shall, in all respects, be the same as those of the guardian of a minor, except as to education."

As concerns the duties of a guardian, KRS 387.060 provides in pertinent part:

"(1) A guardian shall have the custody of his ward, and the possession, care and management of the ward's

property, real and personal. He shall provide for the necessary and proper maintenance and education of the ward out of the estate."

It is now settled that the statutory duties of the appellee as committee include the duty of caring for the person and the property of the incompetent. Such was the conclusion reached in Makemson v. Commonwealth, 292 Ky. 634, 167 S.W.2d 313, 314, wherein it was said:

"* * * Where one is found to be incompetent it is the duty of a committee to care for the person as well as the property of such person, * *." Also see, 25 Am.Juris., Guardian and Ward, Section 64, p. 43.

We conclude that the judgment entered in this action was correct.

Judgment affirmed.